UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TAMMY A. WALSH,

    Plaintiff,

v.

IC SYSTEM, INC.

    Defendant.

Case No. 1:21-cv-02566

## COMPLAINT

**NOW COMES** TAMMY A. WALSH, by and through her undersigned counsel, complaining of Defendant IC SYSTEM, INC., as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. TAMMY A. WALSH ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Lake Villa, Illinois.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. IC SYSTEM, INC. ("Defendant") maintains its principal place of business in at 444 Highway 96 E, Saint Paul Minnesota 55127.

7. Defendant specialized in debt collection and collects debts on behalf of others nationwide.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed to others.

## GENERAL ALLEGATIONS

9. Plaintiff incurred a consumer debt arising from personal utility services.

10. In an attempt to collect the debt, Defendant sent a letter to Plaintiff dated March 1, 2021 (hereafter the "Collection Notice").

11. Defendant's Collection Notice depicted, in pertinent part, as follows:

**Intentionally Left Blank**



**ACCOUNT SUMMARY**

| | |
|---|---|
| Creditor: | ATT U-Verse |
| Account No.: | 144059120 |
| I.C. System Reference No.: | 240048068-1-69 |

# COLLECTION NOTICE

**BALANCE DUE:** $90.22

3/1/2021

Tammy Walsh:

Your delinquent account has been turned over to this collection agency. ATT U-Verse is both the original and current creditor to whom this debt is owed.

The account information is scheduled to be reported to the national credit reporting agencies in your creditor's name. You have the right to inspect your credit file in accordance with federal law. I.C. System will not submit the account information to the national credit reporting agencies until the expiration of the time period described in the notice below.

Please tear off the bottom portion of this letter and return it with your payment.

If you will be receiving a tax refund and would like to use it to pay your account, please call us to make payment arrangements.

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

**NOTICE**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume this debt is valid. If you notify us in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you make a request in writing within 30 days after receiving this notice we will provide you with the name and address of the original creditor, if different from the current creditor.

If you feel you are or have been a victim of Theft of Identity, please call AT&T directly.

This does not contain a complete list of the rights consumers have under Federal, State, or Local laws.

I.C. System, Inc.|444 Highway 96 East, PO Box 64378, St. Paul MN 55164-0378

---

**YOU HAVE OPTIONS**

- For questions or payment please go to: https://www.icsystem.com/consumer
- Mail check or money order payable to I.C. System, Inc. with coupon below
- Call Toll-Free at 888-312-3595

---

P.O. Box 64437
St. Paul, MN 55164-0437
Electronic Service Requested

**BALANCE DUE:** $90.22

**I.C. System Reference No.:** 240048068-1-69

☐ Address Changed?
STREET _____
CITY _____ STATE ___ ZIP ___
Billing Phone Number _____

Pay Online at
https://www.icsystem.com/consumer

MAKE CHECK OR MONEY ORDER PAYABLE TO:

TAMMY WALSH
25531 W WACKER DR
LAKE VILLA IL 60046-7374

I.C. SYSTEM, INC.
PO BOX 64378
SAINT PAUL MN 55164-0378

0510000000902224004806800169010l

3

12. Plaintiff disputes that "AT&T U-VERSE" is the actual creditor of the Subject Debt.

13. As reflected by the below screen capture taken of a search result from the Illinois Secretary of State's website search engine, "AT&T U-VERSE" is not a recognized legal entity by the Office if the Illinois Secretary of State[1]:



14. Instead, as reflected by screen captures taken of search results from the Illinois Secretary of State's website search engine, dozens of entities starting with "AT&T" are listed as a result of typing the words "AT&T"[2]:

---

[1] https://apps.ilsos.gov/corporatellc/CorporateLlcController (Search term: AT&T U-Verse; last accessed February 15, 2021)
[2] https://apps.ilsos.gov/corporatellc/CorporateLlcController (Search term: AT&T; last accessed Februaty 15, 2021)

4



5

15. As depicted in the above image, the upper left corner of the Collection Notice contains Defendant's logo and name, and to the left of Defendant's name are the words "ACCOUNT SUMMARY" in bold font ("Account Information Box").

16. The first line contained within the Account Information Box contains the word "Creditor" and directly next to "Creditor" is "AT&T U-VERSE".

17. The second line contained within the Account Information Box contains the words "Account No." and directly next to "Account No." are a series of numbers.

18. The third line contained within the Account Information Box contains the words "I.C. System Reference No." and directly next to "I.C. System Reference No." are a series of numbers.

19. The fourth line contained within the Account Information Box contains the words "BALANCE DUE" and thereafter an amount of $90.22 is listed.

20. The Collection Notice is a "communication" as defined by 15 U.S.C. § 1692a(2).

21. The Collection Notice identified "AT&T U-Verse as the "Creditor" but AT&T U-Verse cannot be the creditor to whom the debt is owed to because it is not an existing entity.

22. Further obfuscating the identity of the creditor, the Collection Notice requested that payment be made directly to Defendant, thus raising the possibility that Defendant is the creditor.

## DAMAGES

23. Due to Defendant's failure to identify the true creditor, Plaintiff's ability and decision-making process was impacted and eventually Plaintiff did not make a payment on the subject debt as Defendant's failure to identify the true creditor rendered it impossible for Plaintiff to determine whom she is ultimately paying.

24. This uncertainty resulted in an appreciable risk of harm to Plaintiff because her decision not to pay, which was driven by the confusion pertaining to the owner of the subject debt, raised the risk of imminent adverse credit reporting of the subject debt by the owner of the subject debt, who is presently unknown.

25. There is no question that having information regarding the entity that Plaintiff was indebted to is of substantive value and material to Plaintiff's financial affairs. *See Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ...").

26. Without this critical information, Plaintiff ran the risk of making payment to an unknown entity and having her payment swallowed into a black hole.

27. The value of receiving unambiguous and complete information about one's financial affairs—and the ill effects of receiving ambiguous or misleading information—may be hard to quantify, but it is nevertheless a concrete harm. *See Haddad v. Midland Funding, LLC*, 255 F. Supp. 3d 735, 739 (N.D. Ill. 2017).

28. Based on the foregoing, Plaintiff was deprived of her right to receive critical information required by the FDCPA and was harmed as a result thereof.

## CLAIMS FOR RELIEF
### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

### Violations of 15 U.S.C. § 1692e

29. Section 1692e of prohibits debt collectors from using "false, deceptive, or misleading representation or means in connection with the collection of any debt".

30. Section 1692e(10) specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

31. Defendant violated 15 U.S.C. §§1692e and e(10) by making deceptive and misleading representations to Plaintiff in an attempt to collect the subject debt.

32. Specifically, it was inherently deceptive for Defendant to mislead Plaintiff into believing that AT&T U-Verse was the creditor when AT&T U-Verse is not an existing entity that the debt could possibly be owed to.

### Violations of 15 U.S.C. § 1692g

33. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1) the amount of the debt;

    (2) **the name of the creditor to whom the debt is owed**;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

34. Section 1692g of the FDCPA requires debt collectors to make certain critical disclosures to consumers, including the identity of the current creditor.

35. Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA.

8

36. Specifically, Defendant violated § 1692g(a)(2) by identifying "AT&T U-VERSE" as the creditor.

37. As set forth above, the Collection Notice rendered it impossible for Plaintiff to determine the identity of the creditor to whom the debt is owed to. *Steffek v. Client Services, Inc.*, 948 F.3d 761, 763 (7th Cir. 2020) ("Regardless of who then owned the debts, the question under the statute is whether the letters identified the then-current creditor clearly enough that an unsophisticated consumer could identify it without guesswork").

38. As set forth above, the Collection Notice was highly confusing and impacted Plaintiff's decision to pay the subject debt, which resulted in concrete harm to Plaintiff as set forth above.

**WHEREFORE**, Plaintiff, requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §1692 (e), e(10), and g(a)(2);

B. an award of statutory damages in the amount of $1,000 to Plaintiff;

C. an award to Plaintiff for her reasonable attorney's fees and costs; and

D. any further relief this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: May 12, 2021                                         Respectfully submitted,

**TAMMY A. WALSH**

By: /s/ *Victor T. Metroff*

Victor T. Metroff, Esq.
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com